# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LINLOR,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>FIVE9, INC.,<br><br>　　　　　　　　　　Defendant. | Case No.: 17CV218-MMA (BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND MOTION FOR RULE 11 SANCTIONS**<br><br>[Doc. No. 8] |

　　　On February 3, 2017, Defendant Five9, Inc. removed this action from the Superior Court of California, County of San Diego. *See* Doc. No. 1. Defendant's notice of removal is based on federal question jurisdiction, as Plaintiff's First Amended Complaint (FAC) contains claims arising under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"). Plaintiff filed an "opposition to Defendant's notice of removal" and "request to remand." *See* Doc. No. 8. In his brief, Plaintiff also requests the Court impose sanctions on Defendant for removing this action, pursuant to Federal Rule of Civil Procedure 11. *See* Doc. No. 8. The Court construes Plaintiff's filing as a motion to remand, and as a motion for sanctions, and addresses Plaintiff's arguments and the Court's jurisdiction over this action below.

//

## DISCUSSION

The federal court is one of limited jurisdiction and possesses only that power authorized by the Constitution or a statute. *See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S. Ct. 1326 (1986). The federal court is constitutionally required to raise issues related to federal subject matter jurisdiction and may do so *sua sponte*. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

Removal jurisdiction is governed by 28 U.S.C. § 1441 *et seq*. A defendant may remove a state court action if the plaintiff could have originally filed the action in federal court. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, for a defendant to remove an action on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *See Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10–11 (1983). Additionally, a federal court also has jurisdiction over an action involving citizens of different states when the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990). The well-pleaded complaint rule governs whether federal jurisdiction exists. *See Caterpillar*, 482 U.S. at 392. Under this rule, the federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Id.*; *accord Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002).

Here, the Court determines that it has federal question jurisdiction over this action because Plaintiff alleges violations of the TCPA, a federal statute. In *Mims v. Arrow Financial Services, LLC*, the United States Supreme Court held that federal courts have

original jurisdiction over TCPA claims, as the federal statute "creates the right of action and provides the rules of decision." *See Mims*, 565 U.S. 368, 385–86 (2012).  Thus, plaintiffs may file actions alleging TCPA claims in state court or federal court. *Id.* at 379.  Similarly, Defendants may remove cases involving TCPA claims to federal court because the plaintiff could have originally filed the action there. *Cf. Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).  Further, albeit in dicta, the Supreme Court stated that "[w]hen Congress wants to make federal claims instituted in state court nonremovable, it says just that" in the legislation, but, the TCPA does not include such language. *See Mims*, 565 U.S. at 386, n.15 (rejecting the defendant's argument that federal courts would be inundated by private actions alleging TCPA violations through removal to federal court).  Accordingly, the Court is satisfied that it has subject matter jurisdiction over this case, and **DENIES** Plaintiff's motion to remand based on lack of subject matter jurisdiction.

Lastly, the Court is unpersuaded that Defendant removed this action to this Court for "improper purposes." *See* Doc. No. 8.  Accordingly, the Court **DENIES** Plaintiff's motion for sanctions.

**IT IS SO ORDERED.**

Dated:  February 15, 2017

Hon. Michael M. Anello
United States District Judge