1  James Linlor, pro per
2  PO Box 231593, Encinitas, CA  92023
   (858) 504-0584
3

4  FIVE9, INC. c/o Kelly Drye and Warren LLP
   Lee Brenner #180235
5  Los Angeles, CA  90067  (310) 712-6100

6
   Futero, Inc., Counsel not yet named
7  1500 W 13TH ST, UPLAND, CA 91786

```
┌─────────────────────────────────────┐
│              FILED                   │
│                                      │
│           Dec 27 2017                │
│                                      │
│   CLERK, U.S. DISTRICT COURT         │
│ SOUTHERN DISTRICT OF CALIFORNIA      │
│ BY        s/ robertc        DEPUTY   │
└─────────────────────────────────────┘
```

8
9           **UNITED STATES DISTRICT COURT**

10          **SOUTHERN DISTRICT OF CALIFORNIA**

11  JAMES LINLOR, pro se          )  Case No.: 3:17-cv-00218-MMA-BLM
                                  )
12                                )  **PLAINTIFF'S** ~~PROPOSED~~
                                  )  **THIRD AMENDED COMPLAINT**
13                Plaintiff,      )  **("TAC"),** ~~REQUESTED PER~~
                                  )  ~~LEAVE OF THE COURT~~
14         v.                     )
                                  )  JURY TRIAL REQUESTED
15  FIVE9, INC.                   )
                                  )
16  FUTERO, INC.                  )
                                  )
17  JOHN DOES #1-#9               )
                                  )
18                Defendants      )
                                  )

19  1.  Plaintiff has requested Leave of the Court to file this Amendment to the Second

20      Amended Complaint (making this the Third Amended Complaint, or TAC) for

21      cause to refocus the claims on the added Defendant (Futero, Inc, aka Futero).

22  2.  Plaintiff has not served added Defendant Futero, Inc. because Plaintiff desired

23      to Amend the SAC to include the claim that Plaintiff's cellphone numbers are

24      on the DO NOT CALL list, as an additional cause of action.

25  3.  Plaintiff's proposed TAC is submitted for consideration if Leave is granted.

## CLAIMS

4. Plaintiff claims multiple direct violations of the TCPA by Futero, Inc. ("Futero") for text message marketing to Plaintiff's cellphones.

5. Plaintiff claims that his wireless numbers (multiple, for personal reasons) are all on the DO NOT CALL list, rendering them illegal to be used for telemarketing, and obligating that any telemarketers consult the DO NOT CALL list to avoid calling Plaintiff. Plaintiff alleges that Futero has not done so, as evinced by Futero's phone calls and/or text messages to Plaintiff.

6. In total, Plaintiff has now received 16 (sixteen) text messages, which also reference an unknown number of also unauthorized telemarketing phone calls, and this quantity of "calls" (both texts and calls are considered as "calls" under FTC aka Federal Trade Commission regulations) continues to increase, therefore damages are increased to include likely violations as have occurred since the filing of the SAC.

## COMPLAINT

1. Futero, Inc. ("Futero") and possibly John Does as to yet be determined, conducted telemarketing to Plaintiff's wireless numbers, which are listed on the DO NOT CALL list, in part via shortcode 61869 and in part employing the Five9 controlled toll-free numbers 855-790-6802, and 855-579-9182 (see Exhibits B & C).

   a. As a result of Five9's refusal to identify the sender of text messages from shortcode 61869 (see Exhibit A), Plaintiff received 16 text messages, which referenced further caller-ID-masked telemarketing phone calls in the text messages. Case law and precedent state each individual call or text message as having Article III standing for harm and a cause of action, supporting Plaintiff's claim of detriment from marketing.

2

2. Futero is identified as the text message sender through its SMS (Short Message Service) shortcode 61869 ("61869"), which is also listed as owned by Futero, Inc. on their website (see Exhibit B).

3. Five9 has been in contact with and is familiar with Futero or the John Doe sender as may yet be unknown to Plaintiff, see Exhibit A, and as evinced by the multiple toll-free phone numbers that Five9 is demonstrated to service for Futero (see Exhibits B & C), which reasonably generate significant income for Five9, and which are integral to Futero's business model), though when Plaintiff initially filed this case, Plaintiff offered to drop Five9 from the case, if Five9 cooperated and offered-up owner information for 61869. Five9 admitted their knowledge of, and a working relationship with the owner of 61869, but to Plaintiff's detriment, effectively demanded civil extortion from Plaintiff by only agreeing to disclose the owner of 61869 if Plaintiff agreed to an immunity deal (dismissing Five9 with prejudice) **before** identifying the owner of 61869. This seemed odd, since if Five9 were not involved and would be without liability, then Five9 would not be requiring an immunity deal for cooperation, and Plaintiff would neither have an interest, nor cause of action, to pursue Five9. Instead, to Plaintiff's detriment, Plaintiff was required to invest several weeks of late-night work to find out the name of 61869's owner. Based on this evidence, Plaintiff discovered that Five9 provides marketing command and control vicarious liability with ratification for Futero, plus other telephony services for Futero.

4. Plaintiff has never had any sort of relationship or interaction with any Defendant nor has Plaintiff ever consented, in any manner, to the receipt of these telephone "calls" ) to include text messages by any Defendant.

5. The persistent nuisance of Defendant's telephone calls (texts) constitutes an unlawful invasion of Plaintiff's privacy, though the 9th Circuit recently (in 2017) ruled that a single call or text supports Article III standing for an unlawful

3

invasion of Plaintiff's privacy, and other case law that the intent of the call for telemarketing supports treble damages and listed in Remedies.

6. A text message is a "call" within the meaning of the TCPA statute, allowing the words "call" or "called" to be substituted interchangeably and without prejudice by or with any act relating to a "text message" throughout this Complaint. (Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 952 (9th Cir. 2009).

## PARTIES

1. Plaintiff James Linlor was and is a natural person residing in the County of San Diego, State of California.  Plaintiff James Linlor is also a resident of Kansas, through property and businesses owned in that state.

2. Plaintiff is a "person" as defined by 47 U.S.C. § 153 (39).

3. Defendant Futero, Inc. ("Futero"), is an individual, partnership, association, joint-stock company, trust, or corporation with a mailing address of

   a. 1500 W 13TH ST, UPLAND, CA 91786

      and an agent for service of process of

      unknown person, also located at 1500 W 13TH ST, UPLAND, CA 91786

      and is therefore a "person" as defined by 47 U.S.C. § 153(39).  At all times relevant herein, Defendant(s) conducted business in the State of California and in the County of San Diego, and within this judicial district.

   b. Futero is in the business of providing telemarketing services in some form or fashion, with call-back phone numbers and/or websites (some of which are administrated by Five9, Inc. ("Five9") per Five9's admissions in emails to Plaintiff.

   c. FIVE9 was identified as the teleco operator/agent responsible for toll-free #s 855-790-6802 and 855-579-9182 identified in SMS messages sent to the Plaintiff's cell phones.

4

## JURISDICTION AND VENUE

1. State jurisdiction is present in this action is brought under the TCPA, 47 U.S.C. § 227 *et seq,*, including §227(b)(3), (c)(5); Mims v. Arrow (10-1195 S.Ct. 565 (2012)).

2. Defendant Five9 removed this case to US District Court, over Plaintiff's objections.  Plaintiff does not dispute District Court jurisdiction since case law permits this removal, but referenced SCOTUS (particularly Justice Ginsberg's) comment that state courts are the more appropriate venue for TCPA violation adjudication.

## FACTUAL ALLEGATIONS

3. In or about October 2016, Defendant(s) began sending texts to Plaintiff's cellular telephone number, [redacted].  At least sixteen (16) text messages (previously five listed in Plaintiff's FAC, which have increased as demonstrated in Exhibit B), were received by the Plaintiff during 2016 and 2017.  Initially, Defendants are listed as a group, while specific actions are defined later in the Complaint.

4. The repetitive nature of the text messages along with formatting shown in Exhibit C, indicate that the Defendants' messages were made using an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1). The automatic telephone dialing system has the capacity to store or produce telephone numbers to be called or texted, using a random or sequential number generator.

5. Plaintiff has never had any sort of relationship with the Defendants, be it business or otherwise. Plaintiff has never had any prior contacts with the Defendants.

6. Plaintiff has never requested by written agreement or otherwise that he be contacted by Defendants.

7. Plaintiff has never provided his cellular telephone number to Defendants and never provided his consent to Defendants to be contacted on his cellular telephone(s) aka wireless numbers.

8. Plaintiff is unaware of how Defendants obtained his cellular telephone number(s)

9. Defendants obtained Plaintiff's telephone number without Plaintiff's knowledge or consent.

10. The messages from Defendants were for marketing and soliciting purposes only.

11. Defendants has called Plaintiff's cellular telephone for non-emergency purposes which is prohibited by 47 U.S.C. § 227(b)(1)(A)(iii).

12. Plaintiff has never provided his express consent to receive any calls or texts from Defendants to Plaintiff's cellular telephone.

13. Futero's role in the offending calls are alleged to be a subset or combination of:

   i. "calls" made to Plaintiff's wireless numbers listed on the DO NOT CALL list

   ii. the capacity for (and use of) an autodialing function that Futero provides as knowingly in violation of the TCPA;

   iii. all text messages for marketing purposes sent to Plaintiff;

   iv. a portion (nine) of the text messages contained the toll-free number 855-790-6802 or and 855-579-9182 for which Five9 actively managed the request, instruction, or command as previously discussed, including ratification for Futero of their proper use of the toll-free number and its proper identification;

   v. the toll-free number inbound calls were managed by FIVE9, for them to profit from the toll charges while relaying back caller-ID and other caller metadata to Futero.

6

**14.** Per the FCC Commission, "So long as the initiating device has the requisite <u>capacity</u> to meet the statutory definition of an autodialer and sends a text message, which the Commission has deemed a call, the fact that the message is initiated from a phone versus some other device is not relevant. (See 2003 TCPA Order, 18 FCC Rcd at 14115, para. 165; see also Joffe v. Acacia Mortgage Corporation, 121 P.3d 831 at 836-37 (Az. Ct. App. 2006), cert. denied, 549 U.S. 1111 (2006); Intergovernmental Advisory Committee to the Federal Communications Commission, Advisory Recommendation No: 2015-6 at para. 10 (May 15, 2015).

**15.** Further designations of law and implementation guidance relevant to the FCC's and FTC's DO NOT CALL LIST claim damages claimable under the TCPA and FTC/FCC guidance equivalent to other violations designated in the TCPA.

## CAUSE OF ACTION

**Violations of the Telephone Consumer Protection Act: 47 U.S.C. § 227 *et seq.***

1. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein.

2. A text message is a "call" within the meaning of the TCPA statute, allowing variations of the word "call" to be substituted for "text message" throughout this Complaint. (Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 952 (9th Cir. 2009).

3. The FCC's May 2013 ruling on applicability and rulemaking for the TCPA in "In re Dish Network, LLC" (United States v. DISH Network, LLC, 2011 WL 475067 *4 (C.D. Ill. 2011); see also Charvat v. EchoStar Satellite, LLC, 630 F.3d 459, 465-66, 468 (6th Cir. 2010)) establishes and confirms "vicarious liability" on the part of vendors/providers (such as FIVE9), as well as apparent authority and ratification. The FCC adopted the position

7

that liability for vendors exists under the TCPA by end companies engaging a vendor to make communications to cell phones and "knowingly accepting their benefits" – these benefits being the revenue and profit received by FIVE9 from companies using FIVE9's services and networks.  Formal ratification is not required (under the FCC Dish ruling) to establish a vendor relationship, though Plaintiff alleges that formal ratification did have to occur since Five9 had to approve use of the toll-free number used in text messages sent by Futero, as previously described.  Liability for vendor conduct arises (in this case, FIVE9) when a person believes a vendor is acting as another's agent, the belief is reasonable if the company that hired the vendor did something to foster the belief that the vendor was acting as its agent, such providing some function associated with  text messages, notably with a toll-free number to induce and enable/support sales, even if FIVE9 were or were not the text message sender – FIVE9 clearly provided and serviced the toll-free number used in the text messages, which were integral to consumers' responses, caller-ID and metadata, etc., being relayed back to Futero via processes and formats controls and defined by Five9.

4. Without prior express consent, Defendant(s) Futero and/or John Does as to be determined contacted Plaintiff on his cellular telephones using a system or device with the capacity to utilize an automatic telephone dialing system or an artificial or prerecorded voice, in violation of 47 U.S.C. §227(b)(1)(A) (iii).

5. Defendant(s) placed these "calls" in violation of Plaintiff's wireless numbers being listed on the DO NOT CALL list in further violation of the TCPA and regulations as referenced in case law, with the explicit intent to restrict and make illegal "calls" to persons listing their numbers on the DO NOT CALL list, which Defendant(s) illegally disregarded and contacted regardless.

6. Defendants placed these calls knowing that it lacked consent to call Plaintiff. As such, each called placed to Plaintiff was made in knowing and/or willful

violation of the TCPA, and is subject to treble damages pursuant to 47 U.S.C. §227(b)(3)(C).

7. Plaintiff is informed and believes that the violation of 47 U.S.C. § 227(b)(1)(A)(iii) by Defendants was willful and in accordance with Defendants' standard business procedures. In the alternative, plaintiff is informed and believes that Defendants' violations of 47 U.S.C. § 227(b)(1)(A)(iii) were negligent and willful.

8. Under Meyer v. Bebe Stores (N.D. Cal. Feb. 2, 2015), Article III standing and a cause of action is confirmed, including via text messages.

9. Under Booth v. Appstack, Inc. (W.D. Wash. May 24, 2016), and Rogers v. Capital One Bank (N.D. Ga. June 7, 2016), concrete injury under the TCPA is affirmed.

10. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B). Treble damages ($1500 per "call") are defined for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. §227(b)(3)(C);

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants:

1. Plaintiff asserts that the repeated quantity of calls (text messages), plus requirement that they be sent specifically to the Defendants' phone number, and lack of any opt-in or agreeing response, fulfills the negligent, willful, and knowing conduct aspects of the TCPA damages clause.

2. For each of the illegal text messages sent by Futero, Plaintiff prays for relief in the amount of $500 times the treble damages for each violation (16*1500) or $24,000, with an additional suspected quantity of approximately 20 calls ($30,000) for a total so far of $54,000, in addition to court costs and

9

expenses, while reserving the option to amend this Complaint and Demand if further "calls" (or texts) are received by the Plaintiff prior to any conclusion, judgment, or settlement of this case.

3. For each of the illegal text messages supported by Five9's toll-free number, which supports a separate cause of action for TCPA liability and amounts to nine messages, Plaintiff also prays for relief in the amount of $500 times the treble damages for each violation (9*1500) or $13,500, in addition to court costs and expenses, while reserving the option to amend this Complaint and Demand if further "calls" (or texts) are received by the Plaintiff prior to any conclusion, judgment, or settlement of this case.

4. Total claimed monetary damages are therefore $54,000 + $13,500 = $67,500, plus court costs and expenses.

5. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A) and prospective injunctive relief on behalf of the general public requiring Defendants to comply with the above cited provisions of the TCPA;

6. Such other and further relief as may be just and proper.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

Five9:  "Five9 is willing to help by providing you with the subscriber information for the number in the body of the text message.  In exchange, Five9 simply asks that you release it from a lawsuit that should never have been filed in the first place."

Plaintiff's Response:  Plaintiff would gladly agree, but Five9 has refused to provide the information until AFTER they are dismissed with prejudice, making it likely that they will provide false and/or misleading information to protect their business partners in illegal activities.  Five9 realizes this issue, but refuses to provide any information until after Plaintiff would have no enforceable recourse.

**Email proof of Five9's incalcitrance is listed on the next page.**

Note:  Rule 408 does not preclude admissibility of conversations.  FRCP 408(b): "The court may admit this evidence for another purpose, [not limited to] such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution."

Clearly, refusing to name Five9's client without immunity and compensation negates Five9's denial of undue delay, and supports Plaintiff's claim that Five9 is obstructing a civil case.   Upon further Discovery, evidence may lend itself to criminal charges from the Contra Costa County District Attorney, and DOJ, with whom Plaintiff is now cooperating.  The code below is a criminal statute, and therefore only enforceable by criminal prosecutors.  However, criminal prosecutors (State and Federal) are now monitoring this case to assess if Discovery indicates that Five9's and their partner telemarketers' illegal activities are limited to California, or also cross State lines.

"California Business and Professions Code §§ 17538.41. (a) (1) Except as provided in subdivision (b), (c), (d), or (e), no person, entity conducting business, candidate, or political committee in this state shall transmit, or cause to be transmitted, a text message advertisement to a mobile telephony services handset, pager, or two-way messaging device that is equipped with short message capability or any similar capability allowing the transmission of text messages. A text message advertisement is a message, the principal purpose of which is to promote the sale of goods or services, or to promote a political purpose or objective, to the recipient, and consisting of advertising material for the lease, sale, rental, gift offer, or other

disposition of any realty, goods, services, or extension of credit, or advertising material for political purposes."

about:blank

------ Forwarded Message ------
Subject:RE: Complaint re Five9, Inc.
    Date:Fri, 13 Jan 2017 23:14:58 +0000
    From:Elg, Spencer <SElg@KelleyDrye.aom>
        To:'james@xilidev.com' <james@xilidev.com>
        CC:Hutnik, Alysa <AHutnik@KelleyDrye.com>

CONFIDENTIAL – RULE 408 OFFER TO COMPROMISE

Dear Mr. Linlor,

Thank you for speaking with me and my colleague yesterday.

As we explained to you, Five9 had nothing to do with placing or initiating the text messages that are the subject of your complaint.  Five9 did not send the text messages, or authorize anyone to send the text messages to you.  In fact, Five9 had no knowledge at all about the text messages until receipt of your lawsuit.  Not onlythat, the only connection that exists between the text messages and Five9 is thata number that was written within the body of the text messages (whIch was not the number identified as sending the text messages) maybe associated with a subscriber who may use Five9's services.

There Is no legal basis for liability under the TCPA against Five9.  Five9 cannot be directly liable because it did not send the text messages or cause them to be sent.  Five9 cannot be vicariously liable for many reasons, including that it had no knowledge of the text messages, did not play any role in sending the text messages, and did not even supply the platform from which the text messages were sent.

We understand your desire to pursue whoever is responsible for sendingthe text messages that form the basis for your complaint.  Five9 is willing to help by providing you with the subscriber Information for the number In the bodyof thetext messages.  In exchange, Five9 simplyasks that you release it from a lawsuit that should never have been filed against Five9 In the first place.

If you will agree to release Five9 from this lawsuit with a confidential, general release of any claims against Five9, Five9 is prepared to provide you with the name of the subscriber and to pay you one thousand dollars ($1,000).

If you do not agree, Five9 will proceed with defending this action, including seeking to hold you responsible for costs Incurred in dismissing this frivolous lawsuit.

Please let us know by the end of the day Monday, January 16, whether you will agree to these terms.

Sincerely,

Spencer Elg
S. Spencer Elg
Kelley Drye & Warren LLP
(202) 342-8466 | selg@kelleydrye.com

From: Elg, Spencer
Sent: Thursday, January 12, 2017 10:23 AM
To: 'james@xilldev.xom' <james@xilldev.com>
Cc: Hutnik, Alysa <AHutnik@KelleyDrye.com>
Subject: RE: Complaint re Five9, Inc.

Dear Mr. Linlor,

Please let me know If there Is a time today that we can discuss.  I am availableany time other than 9-11 PT.

Thank you,

Spencer Elg
S. Spencer Elg
Kelley Drye & Warren LLP
(202) 342-8466 | selg@kelleydrye.com

From: James [mailto:james@xilidev.com]
Sent: Tuesday, January 10, 2017 12:22 PM
To: Elg, Spencer <SElg@KelleyDrye.com>
Cc: Hutnik, Alysa <AHutnik@KelleyDrye.com>
Subject: Re: Complaintre Five9, Inc.

Will you please identify the company served by theFive9-serviced number 855-790-6802 ?

Where does it terminate (full legal info and history of Five9's association with that account)?

Thank you.

On 1/10/2017 9:05 AM, James wrote:

618-69 Initiating

On 1/10/2017 8:27 AM, Elg, Spencer wrote:

Dear Mr. Linlor,

Thank you for the Information about the phone number that appears In the body of the text messages.  Unfortunately, however, we need the phone number or short code for the number from which the texts originated.

Could you please provide us with the phone number(s) or short code(s) Identified in your caller ID as Initiating the text messages?

<div align="center">12</div>

1 of 2

1/28/2017 1:16 AM

# EXHIBIT B

Copies of website showing ownership of shortcode 61869 by Futero:

www.futero.com/terms-and-conditions/

HOME SOLUTIONS WHY? FUTERO DATA & LEADS INQUIRE

TERMS AND CONDITIONS

Text JOINFI2 to 61869 to receive financial counseling notifications from Futero. 30 msgs/mo. Message and Data Rates May Apply.

For additional information, text **HELP** to shortcode 61869. You may opt out at anytime by sending **STOP** to shortcode 61869. Contact us at support@futero.com or (855) 500-9008.

Text MMSREFI to 61869 to receive financial counseling notifications from Futero. 30 msgs/month. Message and data rates may apply.

For additional information, text **HELP** to shortcode 61869. You may opt out at anytime by sending **STOP** to shortcode 61869. Contact us at support@futero.com or (855) 500-9000.

SMS/MMS TERMS AND CONDITIONS

Subscription Service available on most carriers including U.S. Cellular, AT&T, Cellular One, T-Mobile, Sprint, Boost, MetroPCS, Verizon Wireless, Alltel Wireless and Virgin Mobile. Msg & Data Rates May Apply. Requires text-enabled handset. You may cancel your subscription by texting **STOP** to 61869. You can also get info directly on your phone by texting **HELP** to 61869 or contacting us at support@futero.com or (855) 500-9008. Service will continue until customer cancels. Carriers are not responsible for delayed or undelivered messages.

PRIVACY

Futero respects your privacy. We will not share or use your mobile number for any other purpose. We will only use information you provide to transmit your text message. Nonetheless, we reserve the right at all times to disclose any information as necessary to satisfy any law, regulation or governmental request, to avoid liability, or to protect our rights or property. When you complete forms online or otherwise provide us information in connection with the Service, you agree to provide accurate, complete and true information. You agree not to use a false or misleading name or a name that you are not authorized to use. If we, in our sole discretion, believe that any such information is untrue, inaccurate or incomplete, we may refuse you access to the Service and pursue any appropriate legal remedies.

Another part of the Futero website shows that they own and use two shortcodes: 61869 and 76965. These shortcodes are listed near the bottom of this webpage; the URL for Futero is in the title bar:

1    The AidingStudents.com website (the URL in the image below) lists
2    AidingStudentsRelief.com on the bottom of the same image below, both
     owned/managed by Futero Inc., and both listing the contacts:
3    info@aidingstudents.com and (888) 457-0755.  Five9 also services the phone # for
4    AidingStudents.com (see below).  This same -0755 phone number is also listed on
     Facebook for AidingStudents.com.  This shows Five9 is closely involved in
5    Futero's operations, beyond merely as part of Five9's control, means, and
6    ratification of Futero's text message marketing.  It makes sense that since Futero
     was using Five9 for their toll-free services, that Futero would use Five9, and as
7    demonstrated, follow Five9's instructions and get Five9's ratification for consumer
8    call-convertible (to sales) for the text messages sent by Futero under 61869.



14

AIDINGSTUDENTRELIEF

HOME SERVICES ABOUT US FAQ BLOG CONTACT US

Text JOINFI2 to 61869 to receive financial counseling notifications from Futero. 30 msgs/mo. Message and Data Rates May Apply.

For additional information, text HELP to shortcode 61869. You may opt out at anytime by sending STOP to shortcode 61869. Contactus at support@futero.com or (855) 500-9008.

Text MMSREFI to 61869 to receive financial counseling notifications from Futero. 30 msgs/month. Message and data rates may apply.

For additional information, text HELP to shortcode 61869. You may opt out at anytime by sending STOP to shortcode 61869. Contact us at support@futero.com or (855) 500-9008.

SMS/MMS Terms and Conditions

Subscription Service available on most carriers including U.S. Cellular, AT&T, Cellular One, T-Mobile, Sprint, Boost, MetroPCS, Verizon Wireless, Alltel Wireless and Virgin Mobile. Msg & Data Rates May Apply. Requires text-enabled handset. You may cancel your subscription by texting STOP to 61869. You can also get info directly on your phone by texting HELP to 61869 or contacting us at support@futero.com or (855) 500-9008. Service will continue until customer cancels. Carriers are not responsible for delayed or undelivered messages.

Privacy

Futero respects your privacy. We will not share or use your mobile number for any other purpose. We will only use information you provide to transmit your text message. Nonetheless, we reserve the right at all times to disclose any information as necessary to satisfy any law, regulation or governmental request, to avoid liability, or to protect our rights or property. When you complete formsonline or otherwise provide us information in connection with the Service, you agree to provide accurate, completeand true information. You agree not to use a false or misleading name or a name that you are not authorized to use. If we, in our sole discretion, believe that any suchinformation is untrue, inaccurate or incomplete, we may refuse you access to the Service and pursue any appropriate legal remedies.

Who Owns This Number?

(888) 457-0755

Type what you see below

SK

See Who Owns It

Company : FIVE 9, INC.
Referral #:925-201-2207

History

| Status | Last Update |
|---|---|
| WORKING | 2016-06-01 |
| ASSIGNED | 2016-06-01 |
| RESERVED | 2016-06-01 |
| SPARE | 2016-03-31 |
| TRANSIT | 2016-03-02 |
| DISCONN | 2016-03-02 |
| WORKING | 2015-09-16 |
| ASSIGNED | 2015-09-16 |
| RESERVED | 2015-09-08 |
| RESERVED | 2015-09-04 |
| SPARE | 2015-09-04 |
| TRANSIT | 2015-09-04 |
| DISCONN | 2015-05-04 |
| WORKING | 2015-04-06 |
| WORKING | 2014-12-26 |
| ASSIGNED | 2014-12-26 |
| TRANSIT | 2014-09-02 |
| TRANSIT | 2014-09-02 |
| DISCONN | 2014-09-02 |
| WORKING | 2014-08-05 |
| ASSIGNED | 2014-08-04 |
| RESERVED | 2014-08-02 |
| SPARE | 2014-08-02 |
| TRANSIT | 2014-08-02 |
| DISCONN | 2014-08-02 |
| WORKING | 2011-01-19 |
| WORKING | 2011-01-13 |
| WORKING | 2011-01-06 |
| WORKING | 2010-07-28 |
| ASSIGNED | 2010-07-27 |
| ASSIGNED | 2010-07-27 |

…nal or business use. We
…ster than anywhere else and
…66, 855, and 844 numbers.
…y you want for ongoing

1

2

<u>EXHIBIT C</u>

3

Copies of 12 text messages sent by Futero to Plaintiff's cellphones, with Futero as
the holder of shortcode 61869, with 9 of the the callback number (sales conversion
phone number) controlled in the manner and means of the sales contact routing,
call-ID, metadata, etc, by Five9.  Plaintiff alleges separate (individual) causes of
action, for 12 messages sent by Futero, plus 9 messages controlled in manner and
means by Five 9, for 21 total TCPA violations.

4

5

6

7



8

9

10

11

12

13

Note that Plaintiff never "chatted" with the sender nor approved any text messages.
Plaintiff has received hundreds of telemarketing phone calls, but if an additional
phone call can be identified, then Plaintiff requests Leave to add that caller and
damages for that additional TCPA violation.

14

15

16



17

18

19

20

21

22

23

24

25

26

27

28

16

Checkout
Who Owns This Number?
8557906802
Type what you see below
HP
See Who Owns It
onal or business use. We
aster than anywhere else and
Company : FIVE 9, INC.
Referral #:925-201-2207
History
Status Last Update
WORKING 2016-09-20
ASSIGNED 2016-09-20
RESERVED 2016-09-20
SPARE 2015-12-15
TRANSIT 2015-12-14
DISCONN 2015-12-14
WORKING 2013-10-22
ASSIGNED 2013-10-22
RESERVED 2013-10-22
SPARE 2013-04-06
TRANSIT 2012-12-06
DISCONN 2012-12-06
WORKING 2011-05-09
ASSIGNED 2011-05-09
RESERVED 2011-05-09

T-Mobile LTE 10:16 PM 51%
Messages 618-69 Details
Text Message
Fri, Oct 14, 12:39 PM
Are you still interested in the student loan forgiveness programs? It's been a few weeks since we spoke. Call me @ 855-790-6802 if you still want that approval.
Wed, Oct 19, 4:54 PM
Are you still interested in the student loan forgiveness programs? It's been a few weeks since we spoke. Call me @ 855-790-6802 if you still want that approval.
Wed, Nov 9, 11:33 AM
Text Message
Send
T-Mobile LTE 10:16 PM 51%
Messages 618-69 Details
Wed, Nov 9, 11:33 AM
Are you still interested in the student loan forgiveness programs? It's been a few weeks since we spoke. Call me @ 855-790-6802 if you still want that approval.
Mon, Dec 5, 9:53 AM
Did you already get confirmation that your student loans were forgiven? If not we have to submit your papers asap. Call me @ 855-790-6802. Reply STOP to opt out
Mon, Jan 2, 1:08 PM
Text Message
Send
T-Mobile LTE 10:16 PM 51%
Messages 618-69 Details
Mon, Jan 2, 1:08 PM
You were approved for student loan forgiveness but we still don't have your completed application. Are you still interested? If so, call me asap at 855-790-6802
Fri, Feb 3, 11:41 AM
Hi Jhon, we approved you for student loan forgiveness on Jun 23rd but you never finished the application. Call me asap @ 855-790-6802 if you still want it.
Mon, Mar 13, 11:36 AM
Hi Jhon, we approved you for student loan
Text Message
Send



The last three text message groups were actually multiple text messages. Though only Futero was involved in those (not Five 9), that pushes the number of text messages from 12 up to 16 messages by Futero.  Multiple messages are individual causes of action and case law has held them as available for remedy.



Illegal text messages above are being sent advertising the ph # 855-790-6802 or 855-579-9182, where Five9 both makes money off each inbound call, plus relays customers' personal phone number and information (metadata) back to the telemarketer, involving Five9 in operations and obviating common carrier immunity as previously discussed.  Plaintiff finally called to the phone number 855-790-6802 to see if Plaintiff could be removed from their call list. 855-790-6802  calls to AidingStudents.com (and AidNest.com), with different greetings given depending on the time of day.  855-790-6802 terminates at a "boileroom" call center, which had no interest or process for removing Plaintiff's phone numbers from their lists.



The AidingStudents.com website, owned/managed by requested substituted John Doe (Futero, Inc) lists the contacts: info@aidingstudents.com and (888) 457-0755. Five9 also services the phone # for AidingStudents.com. This same -0755 phone number is also listed on Facebook for AidingStudents.com. This is beyond common carriage, and shows Five9 is closely involved in Futero's operations.

19

NO ATTORNEY ASSISTED IN THE PREPARATION OF THIS
DOCUMENT.

I certify that all statements made in this document are true and correct, under
penalty of perjury, and was served on all named Defendants via
mailing/delivery to the Clerk for ECF/CM filing with the Court, and by process
server with Service of Process to be filed with the Court.

_____                    _12/21/17_

signed     (James Linlor)                          date


James Linlor, pro per
PO Box 231593, Encinitas, CA  92023
(858) 504-0584

FIVE9, INC. c/o Kelly Drye and Warren LLP
Lee Brenner #180235
Los Angeles, CA  90067  (310) 712-6100

Futero, Inc., Counsel not yet named
1500 W 13TH ST, UPLAND, CA 91786