# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LINLOR,<br><br>                  Plaintiff,<br>v.<br>FUTERO, INC.; and DOES 1-9,<br><br>                  Defendants. | Case No.: 17cv218-MMA (BLM)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S EX PARTE MOTION TO ADD SCOTT STAGG AS A DEFENDANT; AND**<br><br>[Doc. No. 44]<br><br>**(2) DENYING AS MOOT PLAINTIFF'S EX PARTE MOTION FOR A THIRD PARTY SUBPOENA TO IDENTIFY REMAINING DEFENDANT(S)**<br><br>[Doc. No. 46] |

Presently before the Court are two *ex parte* motions filed by *pro se* Plaintiff James Linlor. Doc. Nos. 44, 46. Plaintiff seeks leave to amend his complaint to add two additional defendants. Doc. No. 44 at 1. In one motion, Plaintiff seeks leave to add Scott Stagg as a defendant in this action. *See* Doc. No. 44. In the second motion, Plaintiff requests permission to issue a third party subpoena pursuant to Federal Rule of Civil Procedure 45 "to seek the identity/ies and contact information claimed to be known to Five9, Inc., for the sender of telemarketing messages and phone calls to Plaintiff's cellphone." Doc. No. 46 at 1. It appears that Plaintiff would use that information to seek leave to add additional defendants to this action. *See* Doc. No. 44 at 1.

Federal Rule of Civil Procedure 15(a) provides that a party may amend their complaint once "as a matter of course" before a responsive pleading is served, after the

1

"party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). Thus, "after a brief period in which a party may amend as of right," leave to amend lies "within the sound discretion of the trial court." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." *Id.* However, "[w]here the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." *E.E.O.C. v. Boeing, Co.*, 843 F.2d 1213, 1222 (9th Cir. 1988) (quoting *Jordan v. Cnty. of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir. 1982), *vacated on other grounds,* 459 U.S. 810 (1982)). Further, the "court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint." *Fidelity Fin. Corp. v. Fed. Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986).

Plaintiff seeks leave to add Scott Stagg and another as defendants in the instant action. Doc. No. 44 at 1-2. Plaintiff indicates that Five9, Inc. ("Five9"), a third party who was previously dismissed from this action with prejudice, claims to have information identifying unnamed defendants and that Mr. Stagg is the owner of Defendant Futero, Inc. ("Futero"). *Id.*; Doc. No. 37. With respect to Mr. Stagg, Plaintiff asserts that he is a proper defendant because "a recent change in telemarketing sending numbers [are] now coming from an area code in the same area where Scott Stagg lives," leading Plaintiff to believe that Futero "may be operated under the owner's personal name and bank accounts, which therefore require timely adding of the owner of Futero" to the action. *Id.* at 2. In a separate motion, Plaintiff moves the Court to subpoena Five9 to obtain "names, contact information, copies of contracts, and bank account information

related to parties known to Five9, Inc. as referenced in communications as likely or telemarketers to Plaintiff's cellphones." Doc. No. 46 at 6. Plaintiff indicates that this information will identify unnamed defendants in this action, which he also seeks leave to add as parties to this action. Doc. No. 44 at 1.

Here, the Court finds that leave to amend is not warranted because Plaintiff knew or should have known the facts upon which the proposed amendment is based, but failed to include them in the original complaint, or any prior complaints. *See E.E.O.C.*, 843 F.2d at 1222. Plaintiff indicates that his "original and first amended Complaints" show that Five9 knew "the parties telemarketing to Plaintiff's cellphones." Doc. No. 46 at 5. Further, Plaintiff knew, or at least should have known, who the owner of Futero is and who the agent for service of process is prior to filing his Second Amended Complaint. *See* Doc. No. 44 at 4-5.

In addition, Plaintiff raises only conclusory arguments in support of his two motions. For example, Plaintiff argues that Mr. Stagg is directly liable for Futero's alleged TCPA violations because he is the owner of Futero and is the agent for service of process, because he was served at a residential address, and because Plaintiff has received text messages from "an area code in the same area as where Scott Stagg lives." Doc. No. 44 at 1-2. Similarly, Plaintiff's arguments that persons or entities with a business relationship with Five9 are "likely . . . telemarketers to Plaintiff's cellphones" are conclusory. Doc. No. 46 at 6. These conclusory arguments indicate that amendment would be futile. *See AmerisourceBergen Corp*, 445 F.3d at 1136.

Finally, the Court notes that Plaintiff has been given ample opportunities to amend his complaint. *See* Docket. Plaintiff filed his original Complaint on January 4, 2017 in the San Diego Superior Court. Doc. No. 1-2 at 4. On January 13, 2017, Plaintiff filed a First Amended Complaint. Doc. No. 1-2 at 15. Five9 removed this action to this Court on February 3, 2017, and subsequently filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. Nos. 1, 10. Plaintiff opposed the motion, and also moved the Court for leave to amend to add Futero as a defendant in this action. Doc.

Nos. 12, 14. On July 12, 2017, the Court granted both Five9's motion to dismiss and Plaintiff's motion for leave to amend the complaint to add Futero as a defendant. Doc. No. 26. Accordingly, Plaintiff filed a Second Amended Complaint. Doc. No. 27. Five9 moved to dismiss Plaintiff's Second Amended Complaint, which the Court granted and dismissed Five9 from this action with prejudice. Doc. Nos. 29, 37.

Prior to dismissing Five9 from the action, the Court set a show cause hearing for dismissal for failure to serve Futero pursuant to Federal Rule of Civil Procedure 4 and Civil Local Rule 4.1. Doc. No. 36. In response, Plaintiff filed a motion for leave to amend the Second Amended Complaint to include factual allegations that his cellphone numbers are on the "DO NOT CALL list.". Doc. No. 39 at 1. The Court granted Plaintiff leave to amend and permitted him to file a Third Amended Complaint. Doc. No. 40. As such, Plaintiff has had ample opportunities to amend his complaint. *See Fidelity Fin. Corp.*, 792 F.2d at 1438 (noting that "the court's discretion to deny leave to amend is particularly broad where the court has already given plaintiff an opportunity to amend his complaint"). Having had many opportunities in this forum to amend [his] complaint, and having been permitted to do so in state court, the Court now finds that [Plaintiff] may not have another.

For the reasons stated herein, the Court **DENIES** Plaintiff's *ex parte* motion for leave to amend to add parties to this action. Doc. No. 44. In light of the Court's denial of Plaintiff's motion for leave to add defendants to the Third Amended Complaint, the Court **DENIES AS MOOT** Plaintiff's *ex parte* motion to issue a third party subpoena. Doc. No. 46.

**IT IS SO ORDERED**.

Dated: March 22, 2018

Hon. Michael M. Anello
United States District Judge