# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LINLOR,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>FUTERO, INC.; and DOES 1-9,<br><br>　　　　　　　　　Defendants. | Case No.: 17cv218-MMA (BLM)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR MODIFICATION TO ORDER TO PERMIT INTERLOCUTORY APPEAL**<br><br>[Doc. No. 49] |

Presently before the Court is *pro se* Plaintiff James Linlor's *ex parte* motion to amend the Court's March 22, 2018 Order for the purpose of certifying the Order for interlocutory appeal or, alternatively, to reconsider its Order. Doc. No. 49 at 1. Specifically, Plaintiff moves the Court to reconsider its Order denying his motion for leave to issue a subpoena upon third party Five9, Inc., which Plaintiff contends will identify additional defendants in this action. Doc. No. 49-1 at 2-3. If the Court declines to reconsider its Order, then Plaintiff moves the Court to "permit Plaintiff leave to file an interlocutory appeal to the 9th Circuit" and to stay the case "pending that result." *Id.* at 3-4. For the reasons stated herein, the Court **DENIES** Plaintiff's *ex parte* motion.

//
//

**BACKGROUND**

On March 16, 2018, Plaintiff filed two *ex parte* motions with the Court. Doc. Nos. 44, 46. Plaintiff sought leave to amend his complaint to add two additional defendants. Doc. No. 44 at 1. In one motion, Plaintiff sought leave to add Scott Stagg as a defendant in this action. Doc. No. 44. In the second motion, Plaintiff requested permission to issue a third party subpoena pursuant to Federal Rule of Civil Procedure 45 "to seek the identity/ies and contact information claimed to be known to Five9, Inc., for the sender of telemarketing messages and phone calls to Plaintiff's cellphone." Doc. No. 46 at 1. Plaintiff intended to use that information to seek leave to add additional defendants to this action. Doc. No. 44 at 1.

On March 22, 2018, the Court denied Plaintiff leave to amend his complaint pursuant to Federal Rule of Civil Procedure 15, and therefore denied as moot Plaintiff's request to issue a third party subpoena to obtain information to seek leave to add additional defendants to this action. Doc. No. 47. Specifically, the Court found that leave to amend was not warranted in part because Plaintiff raised "only conclusory arguments in support of his two motions," and because "Plaintiff has been given ample opportunities to amend his complaint." *Id.* at 3. The Court noted that Plaintiff filed his original Complaint on January 4, 2017, a First Amended Complaint on January 13, 2017, a Second Amended Complaint on July 28, 2017, and a Third Amended Complaint on December 27, 2017. *Id.* at 3-4; *see also* Docket.

**MOTION FOR RECONSIDERATION**

Plaintiff requests the Court reconsider its March 22, 2018 Order and permit him to issue a third party subpoena upon Five9, Inc. Doc. No. 49-1 at 4. In support, Plaintiff contends that "the Court's declining to permit definitive identification and confirmation of responsible Defendants at this phase" is inappropriate. *Id.* at 2.

Pursuant to Federal Rule of Civil Procedure 59(e), district courts have the power to reconsider a previous ruling or entry of judgment. Fed. R. Civ. P. 59(e). A Rule 59(e) motion seeks "a substantive change of mind by the court." *Tripati v. Henman*, 845 F.2d

205, 206 n.1 (9th Cir. 1988). Rule 59(e) provides an extraordinary remedy and, in the interest of finality and conservation of judicial resources, such a motion should not be granted absent highly unusual circumstances. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). Rule 59 may not be used to re-litigate old matters, raise new arguments, or present evidence that could have been raised prior to entry of the judgment. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

Under Rule 59(e), it is appropriate to alter or amend a previous ruling or judgment if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (citation omitted).

The Court has reviewed Plaintiff's *ex parte* motion and finds that Plaintiff does not argue there is newly discovered evidence, the Court committed clear error or made an initial decision that was manifestly unjust, or that there is an intervening change in controlling law. *See* Doc. No. 49. It appears that Plaintiff is aware he cannot carry his burden of proof, as he states he cannot obtain relief without the Court certifying the March 22, 2018 Order for interlocutory appeal "unless the Court were to sua sponte reconsider its Order and approve Plaintiff's Subpoena . . . ." Doc. No. 49-1 at 3. In light of Plaintiff's failure to carry his burden of showing relief under Rule 59(e) is appropriate, the Court **DENIES** Plaintiff's request to reconsider the March 22, 2018 Order.

<u>**CERTIFICATION OF AN ORDER FOR INTERLOCUTORY APPEAL**</u>

In the alternative to relief under Rule 59, Plaintiff requests the Court certify its March 22, 2018 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Doc. No. 49-1.

Generally, the United States Courts of Appeals have jurisdiction over appeals from "final decisions of the district courts." 28 U.S.C. § 1291. However, 28 U.S.C. § 1292(b) is an exception to the final judgment rule, where "litigants can bring an immediate appeal

of a non-final order upon the consent of both the district court and the court of appeals." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1025-26 (9th Cir. 1982). Under § 1292(b), the court may certify an issue for interlocutory appeal if three elements are satisfied: (1) the issue is a controlling question of law; (2) the issue offers substantial grounds for a difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *Id.* at 1026; 28 U.S.C. § 1292(b). "[T]his section [is] to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d at 1026.

"The decision to certify an order for interlocutory appeal is committed to the sound discretion of the district court." *United States v. Tenet Healthcare Corp.*, No. CV04-857 GAF(JTLX), 2004 WL 3030121, at *1 (C.D. Cal. Dec. 27, 2004) (citing *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995)). As such, "[e]ven when all three statutory criteria are satisfied, district court judges have 'unfettered discretion' to deny certification." *Brizzee v. Fred Meyer Stores, Inc.*, No. CV 04-1566-ST, 2008 WL 426510, at *3 (D. Or. Feb. 13, 2008); *see also In re Gugliuzza*, 852 F.3d 884, 898 (9th Cir. 2017) (noting that the Ninth Circuit lacks jurisdiction over a district court's order pursuant to § 1292 where the district court does not certify its decision for interlocutory review).

The party seeking certification bears the burden of showing that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment. *See Villarreal v. Caremark LLC*, 85 F. Supp. 3d 1063, 1067 (D. Ariz. 2015).

The Court finds that Plaintiff has not met his burden of showing exceptional circumstances justifying certification of the March 22, 2018 Order exist. *Id.* Specifically, the Court finds that Plaintiff has not established a controlling question of law exists. A question of law is "controlling" under § 1292(b) if resolving it on appeal could materially affect the outcome of the litigation in the district court. *In re Cement Antitrust Litig.*, 673 F.2d at 1026. "A 'question of law' means a 'pure question of law,'

not a mixed question of law and fact or an application of law to a particular set of facts." *Brizzee*, 2008 WL 426510, at * 4 (citing *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 647, 675-77 (7th Cir. 2000).

Here, Plaintiff argues that the March 22, 2018 Order "involves controlling questions of law . . . due to its basis on 'opportunities' Plaintiff has had to name, add, and serve Defendants." Doc. No. 49 at 2. The number of opportunities Plaintiff has had to amend his complaint and serve defendants is not a legal question, but a factual question. As discussed previously, Plaintiff has amended his complaint three times, and thus, has had three opportunities to name, add, and serve defendants. Even if Plaintiff takes issue with the Court's application of Federal Rule of Civil Procedure 15 to the facts of this case, that is not a question of law under § 1292(b). *See Brizzee*, 2008 WL 426510, at * 4 (stating that a question of law is not an application of law to a particular set of facts).

Even further, denying Plaintiff leave to amend at this juncture is not "controlling" under § 1292(b) because it will not materially affect the outcome of the litigation. Plaintiff contends that he has a right to substitute the John Doe defendants listed in his Complaint, but that he can only do so if he is permitted to issue a third party subpoena upon Five9, Inc. Doc. No. 49-1 at 1-2. He explains that this is "part of Plaintiff's [Federal] Rule [of Civil Procedure] 26 and [Federal] Rule [of Civil Procedure] 45 rights." *Id.* at 2. As explained to Plaintiff previously, discovery motions pursuant to Federal Rules of Civil Procedure 26 and 45 are premature at this point. *See* Doc. No. 19 at 2. "Because Defendant has not yet answered Plaintiff's complaint, the Court has not conducted an Early Neutral Evaluation or Case Management Conference and has not opened discovery or issued a scheduling order." *Id.* The Court advises Plaintiff that a scheduling order, which follows the Early Neutral Evaluation and Case Management Conference, will set a deadline to amend his pleadings following the commencement of discovery.

Because the Court finds that Plaintiff has not established the existence of a controlling question of law, the Court declines to address the additional elements under

28 U.S.C. § 1292(b) and finds that Plaintiff has failed to demonstrate an exceptional need for interlocutory appeal of the Court's March 22, 2018 Order. Accordingly, the Court **DENIES** Plaintiff's motion for certification of the March 22, 2018 Order for interlocutory appeal.[1] *See In re Gugliuzza*, 852 F.3d at 898 (noting that the Ninth Circuit lacks jurisdiction over a district court's order pursuant to § 1292 where the district court does not certify its decision for interlocutory review).

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's *ex parte* motion for modification to order to permit interlocutory appeal. Doc. No. 49.

**IT IS SO ORDERED**.

Dated: April 5, 2018

Hon. Michael M. Anello
United States District Judge

---

[1] As such, the Court also **DENIES AS MOOT** Plaintiff's request to stay the case pending appeal. *See* Doc. No. 49-1 at 4.