# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LINLOR,<br><br>                         Plaintiff,<br><br>v.<br><br>FUTERO, INC.,<br><br>                        Defendant. | Case No.: 17cv218-MMA (BLM)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>[Doc. No. 57] |

Plaintiff James Linlor, proceeding *pro se*, brings this civil action against Futero, Inc. ("Futero" or "Defendant"), alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Doc. No. 41, Third Amended Complaint ("TAC"). Plaintiff now moves for default judgment against Defendant, seeking injunctive relief, $24,000 in statutory damages, and $1,000 in costs. Doc. No. 57 ("Mtn.") at 2. The motion is unopposed. *See* Docket. For the reasons set forth below, the Court **GRANTS IN PART** the motion and **DIRECTS** the Clerk of Court to enter judgment accordingly.

## BACKGROUND

According to the TAC, beginning in or around October 2016, Plaintiff began receiving automated marketing text messages and calls on his cellular telephone from Defendant. TAC at 5. Defendant allegedly conducts business in the State of California and in the County of San Diego. *Id.* at 4.

Plaintiff has allegedly received sixteen (16) text messages from Defendant. *Id.* at 2. Plaintiff did not provide Defendant with his cellular telephone number and did not provide prior express consent to call his cellular telephone number. *Id.* at 3, 6. To send these text messages and to make these calls, Plaintiff alleges Defendant used an automatic telephone dialing system ("ATDS") as defined in the TCPA, which used an artificial or prerecorded voice to call. *Id.* at 5. Plaintiff received one text message on March 10th, April 10th, October 14th, October 19th, November 9th, December 5th, January 2nd, February 3rd, and March 19th; two text messages on April 7th; and three text messages on May 17th.[1] *Id.* at 16-18.

On December 26, 2017, Plaintiff filed his TAC against Defendant. *See generally*, TAC. Defendant failed to respond. *See* Docket. On April 25, 2018, Plaintiff requested the clerk enter default against Defendant and default was entered. Doc. Nos. 52, 53. On June 4, 2018, Plaintiff filed a motion for default judgment.[2] Mtn.

## DISCUSSION

### 1. *Jurisdiction*

Courts have an affirmative duty to ensure the proper exercise of subject matter jurisdiction and personal jurisdiction when a default judgment is sought. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). In this case, the Court is satisfied it has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the TAC seeks relief under 47 U.S.C. § 227, *et seq.*. TAC at 5. The Court is also satisfied that Plaintiff has alleged facts sufficient to establish personal jurisdiction over Defendant because Defendant is

---

[1] Plaintiff does not provide the year the text messages were sent, but explains they were in 2016 and 2017 and that he began receiving the text messages in October 2016. *See* TAC at 5, 16-18.

[2] Plaintiff also filed a motion to "remove parties previously denied by orders of the court, namely Five9, Inc., and John Does #1-#9 as parties in this case." Doc. No. 55 at 1. Plaintiff's motion to "remove parties" is **GRANTED IN PART** as follows: (1) Plaintiff's request to "remove" Defendant Five9, Inc. is **DENIED** as moot because Five9, Inc. was terminated on November 29, 2017, and therefore, is no longer a part of this case [Doc. No. 37]; and (2) Plaintiff's request is **GRANTED** with respect to Doe defendants. Accordingly, the Court **DISMISSES** without prejudice Plaintiff's claims against John Does #1-#9.

incorporated in California.  *See* TAC at 4; *see also* Futero, Inc., *California Business Search*, https://businesssearch.sos.ca.gov/CBS/Detail (last visited July 5, 2018) (listing the jurisdiction as California); *Daimler AG v. Bauman*, 571 U.S. 117, 137-38 (2014) (holding that a corporation is typically subject to general personal jurisdiction only in a forum where it is incorporated or where it maintains its principal place of business).

In addition, the Court must determine whether Defendant was properly served with notice of this action.  Upon review of the proof of service of the TAC, the Court finds that Plaintiff effected service of process in conformity with Federal Rule of Civil Procedure 4 and California Code of Civil Procedure § 416.10.[3]  *See Grell v. Laci Le Beau Corp.*, 73 Cal. App. 4th 1300, 1306 (Ct. App. 1999) ("A suspended corporation may be sued, and service of process upon a suspended corporation is effected in the same manner as service upon a corporation that is not suspended."); Cal. Code Civ. P. § 416.20.

## 2.    *Legal Standard*

Pursuant to Federal Rule of Civil procedure 55(b), the Court may enter default judgment against a defendant who has failed to plead or otherwise defend an action.  The Ninth Circuit has provided seven factors for consideration by the district court in exercising its discretion to enter default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong policy underlying the Federal Rule of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  When assessing the *Eitel* factors, all factual allegations in the complaint are taken as true, except those with

---

[3] The California Secretary of State's website indicates that the status of "Futero, Inc." is "FTB SUSPENDED."  *See* Futero, Inc., *California Business Search*, https://businesssearch.sos.ca.gov/CBS/Detail (last visited July 5, 2018).

regard to damages. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

### *3.*    *Analysis*

The *Eitel* factors weigh in favor of entering default judgment in this case. With respect to the first factor, if the pending motion were denied, Plaintiff would likely be without a remedy. If Defendant does not appear in court, Plaintiff has no method of addressing this matter. Absent entry of a default judgment, Plaintiff would be deprived of the remedies he is entitled to. As a result, the first factor weighs in favor of entering default judgment.

Under the second and third *Eitel* factors, the Court may consider the merits of Plaintiff's substantive claim and the sufficiency of the complaint. *Eitel*, 782 F.2d at 1471. These two factors require that a plaintiff "state a claim on which the [plaintiff] may recover." *Pepsico, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (internal citation omitted).

The relevant provision of the TCPA provides as follows:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States . . . [t]o make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. §227(b)(1)(A)(iii). Thus, to prove that a defendant violated the TCPA in a case involving a cell phone, a plaintiff must establish that: (1) the defendant called his or her cell phone, and (2) the defendant did so using an ATDS or an artificial or prerecorded voice. The TCPA explicitly exempts from liability autodialed calls to a cell phone "made with the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A). "Prior express consent" is an affirmative defense to an alleged TCPA violation, for which the defendant bears the burden of proof. *See Grant v. Capital Mgmt. Servs., L.P.*, 449 Fed.

App'x 598, 600 n.1 (9th Cir. 2011) (citing *In the Matter of Rules and Regulations Implementing the TCPA of 1991*, 23 FCC Rcd. 559, 565 (2008) ("[W]e conclude that the creditor should be responsible for demonstrating that the consumer provided prior express consent.")). "If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3).

Here, Plaintiff has adequately pleaded his claims for both negligent and willful violations of the TCPA. Specifically, he alleged that Defendants called his phone with an ATDS without his prior consent. TAC at 3, 5, 6. Accordingly, the second and third factors weigh in favor of entering default judgment.

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of defendants' conduct. *Eitel*, 782 F.2d at 1471-72. The TCPA provides a private right of action for actual monetary loss of statutory damages of up to $500 for each violation of the TCPA. 42 U.S.C. § 227 (b)(3)(B). In addition, section 227(b)(3) states that "[i]f the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3). Accordingly, the sum of money at stake in this action is particularly appropriate for resolution on default judgment because TCPA damages are fixed by statute. Here, Plaintiff seeks $1,500 per call for willful violations of the TCPA, or $24,000 for the sixteen calls. Mtn. at 2. In support, he claims his cellular telephone number is on the do not call list and, therefore, Defendant made the calls "knowing that it lacked consent." TAC at 8. The Court determines in its discretion that damages of $500 per call is sufficient to both compensate Plaintiff for the sixteen calls he received from Defendant and to discourage Defendant from engaging in such behavior in the future. *See Whitaker v. Bennett Law, PLLC*, No. 13cv3145-L (NLS), 2013 WL 12434306, at *3

(S.D. Cal. Jan. 26, 2015) (awarding statutory damages in a TCPA action on motion for default judgment because the statutory amount has been approved by Congress). The Court sees no need to award enhanced damages, particularly in light of the fact that Defendant has not appeared in this action. *See Televideo Sys., Inc.*, 826 F.2d at 917-18 (stating that the Court must accept as true all of "the factual allegations of the complaint, except those relating to the amount of damages").

Plaintiff also seeks to recover $1,000 in costs for this entire action, representing a filing fee and "allowable costs." Mtn. at 2. Under Local Rule 54.1, the party entitled to costs must file with the clerk the bill of costs together with a notice of when the clerk will hear the application within fourteen (14) days after entry of judgment. S.D. Cal. L.R. 54.1(a). "The bill of costs must itemize the costs claimed and must be supported by a memorandum of costs, an affidavit of counsel that the costs claimed are allowable by law, are correctly stated, and were necessarily incurred, and copies of the invoices for requested costs." *Id.* Additionally, "[t]he notice must specify the hour and date when application to the clerk to tax the costs will be made, which must not be less than fourteen (14) nor more than twenty-one (21) days from the date of the notice." *Id.* Therefore, an evaluation and determination of costs is premature at this time.

In addition to damages, Plaintiff asks for injunctive relief "on behalf of the general public" requiring Defendant to comply with the TCPA. Mtn. at 2; TAC at 10. The Court finds that an injunction is inappropriate in the instant case because Plaintiff does not sufficiently allege entitlement to injunctive relief. *See generally,* TAC.

As to the fifth factor, on entry of default, the Court must accept the well-pleaded allegations of the complaint as true, except those relating to damages. *TeleVideo Sys., Inc.*, 826 F.2d at 917-18. As explained above, Plaintiff filed a TAC alleging the facts necessary to establish his entitlement to statutory damages under the TCPA. It has been almost seven months since Plaintiff filed the TAC. *See* Doc. No. 1; TAC. Defendant has been given a great deal of time to respond to the complaint and dispute any allegations,

but has failed to do so. *See* Docket. As such, the fifth factor weighs in favor of entering default judgment.

The sixth *Eitel* factor considers the possibility that default resulted from excusable neglect. "Due process requires that all interested parties be given notice reasonably calculated to apprise them of the pendency of the action and be afforded opportunity to present their objections before a final judgment is rendered." *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 500-01(C.D. Cal. 2003) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). In the instant action, the possibility that default resulted from excusable neglect seems remote. Defendant's agent for service of process was personally served with the summons and Complaint on December 26, 2017. Doc. No. 42. Defendant failed to answer or otherwise respond to the TAC and has not opposed the motion for default judgment. *See* Docket.

Finally, the Court considers the policy favoring decisions on the merits whenever reasonably possible. *Eitel*, 728 F.2d at 1472. The existence of Rule 55(b) indicates that this policy favoring decisions on the merits is not dispositive on its own. *Pepsico*, 238 F. Supp. 2d at 1177. Defendant's failure to participate in this action makes a decision on the merits impractical, if not impossible. Additionally, not granting Plaintiff's motion for default judgment would prejudice Plaintiff's diligence by causing interminable delay and continued uncertainty as to his rights. *See H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970). Thus, this factor does not prevent the Court from entering default judgment against Defendant.

//
//
//
//
//
//
//

Based on the foregoing, the Court **GRANTS IN PART** Plaintiff's motion for default judgment against Defendant Futero, Inc. The Court **DIRECTS** the Clerk of Court to enter judgment against Defendant Futero, Inc.,[4] and in favor of Plaintiff in the total amount of **$8,000.00**.

**IT IS SO ORDERED**.

Dated: July 17, 2018

Hon. Michael M. Anello
United States District Judge

---

[4] On July 16, 2018, Plaintiff filed an "*Ex Parte* Motion to Pierce Futero LLC Veil and Name Single Member Scott Stagg or Futero, Inc. in Declarative Default Judgment." Doc. No. 60. The motion is **DENIED** to the extent Plaintiff seeks to add Scott Stagg as a defendant in this action, which the Court notes is an attempt to circumvent the Court's prior denial of Plaintiff's motion for leave to amend the complaint to add Scott Stagg as a defendant and order denying Plaintiff's motion for reconsideration. *See* Doc. Nos. 47, 49.